```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY HINES, JR.,

                              Plaintiff,
                                                          DECISION AND ORDER

                                                          10-CV-6493L

              v.

VETERANS OUTREACH CENTER,

                              Defendant.
_____
```

**INTRODUCTION**

Plaintiff Jerry Hines, Jr. ("plaintiff") commenced this action against defendant the Veterans Outreach Center ("VOC") on August 31, 2010. The VOC was duly served with the summons on October 11, 2010, but failed to answer the complaint prior to the applicable November 1, 2010 deadline (Dkt. #6). Plaintiff requested an entry of default on November 9, 2010 (Dkt. #7). The following day, the VOC appeared by counsel and filed a motion requesting additional time to answer the complaint (Dkt. #9). Plaintiff opposes the motion and moves to "strike" any defenses that the VOC might assert, arguing that the VOC lacks a meritorious defense (Dkt. #11). For the reasons set forth below, the VOC's motion for an extension of time to file its answer is granted (Dkt. #9), and plaintiff's motion to strike (Dkt. #11) is denied.

Here, the VOC asserts that its failure to timely answer the complaint was not willful, but was simply the result of a calendering mistake which caused the VOC to erroneously believe it had additional time to answer the complaint or else move to dismiss it in lieu of an answer. It is well-settled in this Circuit that an isolated episode of law office failure, unaccompanied by any showing of bad faith or strategic purposefulness, does not amount to willfulness. *See e.g.*, *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) ("[w]illfulness in this context requires something 'more than mere negligence,' such as egregious or deliberate conduct"), *citing American Alliance Ins. Co.,*

*Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996). There is also no evidence that plaintiff would be prejudiced by granting the VOC additional time to respond to the complaint, given that the matter is still in its infancy, discovery has not yet taken place, and the VOC did not delay after the plaintiff's request for an entry of default was filed, but filed its motion for an extension of time (Dkt. #9), the following day.

With regard to the meritorious defense component, the Second Circuit has held that only a "low threshold of adequacy" need be shown, *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981), "measured not by whether there is a likelihood that [the defense] will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Here, the VOC's defense is that all of the plaintiff's instant claims have already been fully and fairly litigated before the New York State Division of Human Rights and the Workers' Compensation Board, and dismissed on their merits. (Dkt. #9 at ¶8, Exhs. B and C). I find that the prior dismissal of plaintiff's claims on their merits meets the VOC's "low threshold" to show that may have a meritorious defense to plaintiff's claims.

The VOC's motion for an extension of time to answer the complaint (Dkt. #9) is therefore granted.

Because I find that the VOC has demonstrated the potential merit of its defense, plaintiff's premature motion to strike its defenses (Dkt. #11) is denied.

## CONCLUSION

Defendant's motion for an extension of time to answer the complaint (Dkt. #9) is granted, and plaintiff's motion to strike defendant's potential defenses (Dkt. #11) is denied. Defendant is directed to file and serve its response to plaintiff's complaint within fifteen (15) days of entry of this order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 10, 2010.