# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JERRY HINES, JR.,

         Plaintiff(s),

     v.

VETERANS OUTREACH CENTER,

        Defendant(s).

**DECISION AND ORDER**
10-CV-6493

---

## Preliminary Statement

Plaintiff Jerry Hines, Jr. (hereinafter "Hines" or plaintiff), proceeding *pro se*, brings this action against the defendant Veterans Outreach Center (hereinafter "VOC" or defendant) on grounds that he was unlawfully discriminated and retaliated against in violation of the federal Americans with Disabilities Act of 1990 ("ADA") and the New York State Human Rights Law ("NYHRL"). See Complaint (Docket # 1). Currently pending before the Court is defendant's motion to dismiss plaintiff's New York State law claims (Docket # 13) and plaintiff's motion to expedite the proceedings (Docket # 21).[1]

## Relevant Facts

Plaintiff, an African American United States Army veteran, began working for the Veterans Outreach Center in October 2006 as

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c), the parties have consented to jurisdiction by a magistrate judge. (Docket # 20).

a per diem staff member.  According to plaintiff, in May 2008, the VOC began discriminating against him in retaliation for plaintiff lodging formal and informal complaints to various supervisors and the VOC's Human Rights Committee about the stressful and "chaotic" working environment.

From May 2008 through February 2009, Hines alleges he made several complaints to his supervisors and Human Resources about the "high anxiety and stress" he was suffering due to the lack of structure and rules in his working environment, but nothing was done about his complaints.  Hines asserts that in September 2008, his supervisor Judy Gilbert began to harass him and retaliate against him for making his complaints.  According to Hines, after he started complaining he started to receive written warnings for his improper conduct and misbehavior, all of which was based on "inaccurate and fabricated" false information that was given to the VOC by Judy Gilbert.

On February 12, 2009, Hines requested time off from work "due to emotional stress in the work place," and he was granted medical leave.  Judy Gilbert authorized plaintiff's medical leave from February 13, 2009 through February 24, 2009.  While he was out on leave, plaintiff was diagnosed with a mental health condition known as "Adjustment Disorder with Anxious and Depressed Mood," by Dr. Thundathil Abraham.  On February 23, 2009, plaintiff filed a complaint with the New York State Division of Human Rights

("NYSDHR"), which was dually filed with the EEOC.  See Exhibit "B" attached to Affidavit of Jennifer A. Mereau, Esq. (hereinafter "Mereau Aff.") annexed to Docket # 13.   In his complaint to the NYSDHR, he alleged employment discrimination based on his race, gender and disability.  See id.  Two days later, on February 25, 2009, the VOC terminated plaintiff's employment.   Plaintiff was told that his termination was due to "clinical and supervisory reasons."   Plaintiff asserts, *inter alia*, that he was terminated because he filed formal and informal complaints, reported fraud, and intended to file a worker's compensation claim.

Hines's allegations of discrimination were processed by the NYSDHR.   Hearings on Hines's complaint were held before Administrative Law Judge ("ALJ") Spencer D. Phillips on November 17 and November 30, 2009.   On February 19, 2009, ALJ Phillips issued a written Recommended Decision and Order finding Hines's complaints unsubstantiated and recommending that his complaint be dismissed. On April 7, 2010, after giving the parties an opportunity to object to the ALJ's Recommended Decision and Order, the Commissioner of the NYSDHR issued a Notice and Final Order which dismissed plaintiff's complaint in full.   See Exhibit "C" attached to Mereau Aff.  In the Order Hines was advised that he could appeal the Final Order to the New York State Supreme Court in the County where the alleged discriminatory conduct allegedly occurred.   Hines did not appeal.

On June 16, 2010, the EEOC adopted the findings of the NYSDHR and issued a Dismissal and Notice of Rights informing Hines that he could commence a lawsuit in federal court under federal anti-discrimination laws. See Exhibit "D" attached to Mereau Aff.  On August 31, 2010, Hines, proceeding *pro se*, timely filed this federal court lawsuit.  However, in his federal court lawsuit plaintiff asserted violations of the NYHRL which were substantively adjudicated by the ALJ in the NYSDHR proceeding.

In its motion to dismiss, defendant VOC seeks to have the plaintiff's New York State law claims dismissed from this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on grounds that plaintiff "elected his administrative remedies by filing with the NYSDHR and having his claims adjudicated there" and, as a result, plaintiff "cannot now adjudicate his claims again" in federal court. See Mereau Aff. at ¶ 6.

## **Discussion**

Standard for Rule 12(b)(6) Motion to Dismiss: FRCP Rule 12(b)(1) authorizes the Court to dismiss a complaint for lack of subject matter jurisdiction.  The relevant issue under Rule 12(b)(1) is whether the court has the statutory or constitutional power to adjudicate the case. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of

the evidence that it exists." <u>Makarova</u>, 201 F.3d at 113.   In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence outside the pleadings. <u>Id.</u>

<u>Election of Remedies and Plaintiff's New York Human Rights Law Claim</u>:   The NYHRL provides, in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages ... and such other remedies as may be appropriate ... unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9).   Thus, by the terms of the statute an individual like Hines who claims to have been harmed by unlawful discrimination has the option to bring <u>either</u> an administrative proceeding before the New York State Division of Human Rights or to bring an action in court.   A plaintiff may not do both as the remedies are intended to be mutually exclusive.   Once a plaintiff has chosen one procedure, he or she may not then commence an action or proceeding in the other forum.   <u>Moodie v. Fed. Reserve Bank of N.Y.</u>, 58 F.3d 879, 882 (2d Cir. 1995).   Furthermore, once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of the State of New York.   <u>See</u> N.Y. Exec. Law § 298.   Here, Hines chose not to appeal the adverse ruling by the ALJ to the Supreme Court of the State of New York.   Instead Hines has attempted to relitigate the discrimination claims that

were adjudicated on the merits before the NYSDHR here in federal court. This he cannot do and accordingly his state law claims for race and disability discrimination must be dismissed for lack of subject matter jurisdiction.[2]  See McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 74 n.3 (2d. Cir. 2010)(district court lacked subject matter jurisdiction over the claims asserted pursuant to the NYHRL because "New York's election of remedies statute deprives New York courts of jurisdiction to hear claims filed with the NYSDHR"); Moodie, 58 F.3d at 884 ("[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim."); Hill v. Kaleida Health, No. 07-CV-668S, 2009 WL 3672066, at *5 (W.D.N.Y. Oct. 30, 2009)(If a plaintiff files a discrimination complaint with the NYSDHR, he "may not bring a subsequent judicial action based on the same incident" because "Section 297(9) deprives the district court of subject matter jurisdiction.").

## Conclusion

Defendant's motion to dismiss plaintiff's state law claims (Docket # 13) is **granted**.  Plaintiff's federal discrimination claims will proceed and the defendant is directed to Answer

_____

[2] The only exception to this rule is if the NYSDHR dismissed a complaint for "administrative convenience." See N.Y. Exec. Law § 297(9). Hines's state law claims were adjudicated on the merits after a full hearing and were not dismissed for "administrative convenience."

plaintiff's Complaint with respect to his federal claims within the time frame required by the Federal Rules of Civil Procedure.  Once an Answer has been filed, the Court will convene a scheduling conference and establish discovery deadlines.  Plaintiff's motion to expedite the proceedings (Docket # 21) is **denied as moot.**

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: September 26, 2011
Rochester, New York