**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

JERRY HINES, JR.,

                Plaintiff,

     v.                                   DECISION & ORDER
                                                      10-CV-6493

VETERANS OUTREACH CENTER, INC.,

                Defendant.
_____



## Relevant Background

Between July 14, 2014 and July 18, 2014, this Court presided over a jury trial on plaintiff Jerry Hines, Jr.'s retaliation claim under the Americans with Disabilities Act of 1990. The issues for the jury to decide included whether defendant Veterans Outreach Center, Inc. was liable to plaintiff on his claim of retaliation, and, if so, whether plaintiff sustained compensatory damages as a result of being unlawfully terminated by defendant. See Special Verdict Form (Docket # 81).

On July 18, 2014, the jury reached a verdict, finding by a preponderance of the evidence that defendant was not liable to plaintiff on his claim of retaliation, and therefore was also not liable to plaintiff for any compensatory damages he suffered. Id. On August 13, 2014 plaintiff, now proceeding pro se, filed post-trial motions seeking to set aside the verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or for a new trial

pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.[1] (Docket # 85). Defendant filed papers in opposition to plaintiff's motions, (Docket # 88), and plaintiff filed reply papers. (Docket # 90). Plaintiff also moved to have the Court order the trial transcript and provide it to him at no cost for purposes of his appeal. (Docket # 91). On March 19, 2015 this Court issued a Decision and Order, (Docket # 93), which denied both of plaintiff's post-trial applications.

On March 31, 2015 plaintiff filed the instant "Motion for Ruling on Perjury Issues." (Docket # 94). In his motion papers, plaintiff asks the Court "to address the multiple examples" of perjury by various witnesses at his trial and in earlier deposition testimony. See id. at 1.

## Discussion

The gist of plaintiff's current motion is that he disagrees with the jury's evaluation of the evidence and thus their verdict. Unfortunately for plaintiff, there is no basis for this Court to overturn the jury's verdict based on plaintiff's claims that the jury erred in their credibility determinations. As is often the case in a jury trial, there were "two sides to the story" and both sides were presented to the jury. The fact that a jury made factual

---

[1] Plaintiff was represented at trial by attorneys Michael Cobbs, Esq. and Alina Nadir, Esq. of the law firm Brown & Hutchinson. Plaintiff is proceeding *pro se* in connection with the post-trial motion presently before the Court.

2

findings different than those sought by plaintiff does not mean that defense witnesses committed perjury. It is up to the jury to decide who to believe and what testimony to credit. Moreover, post-trial motions do not exist to allow plaintiff to relitigate the case, present new theories, or otherwise take a "second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); See also De Los Santos v. Fingerson, No. 97 CIV. 3972(MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) (stating that the availability of a motion to reconsider is not an invitation for a party to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings."). Accordingly, plaintiff's motion seeking to have the court "address multiple examples [of defense witnesses] who testified falsely" is **denied**.

Although not entirely clear from his motion papers, plaintiff may want to add exhibits to the appellate record. The contents of the record on appeal are governed by Federal Rule of Appellate Procedure 10(a), which states that the record consists of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Here, plaintiff has attached multiple exhibits in support of his motion, some of which were already submitted during the litigation of this case, and some

which plaintiff states "were not allowed into evidence." Any documents which were marked as exhibits at trial and offered into evidence during the course of the trial may be included in the appellate record, even if the court ruled they were inadmissible.

Plaintiff also repeats his demand for transcripts from prior proceedings. The Court has already ruled on this request and denied his motion for the Court to provide him free transcripts. See Order (Docket # 93) at 7-8. There is no new information in plaintiff's current motion papers that would provide a basis for this Court to change its determination on providing plaintiff with transcripts at no cost. See Barnes v. Alves, 107 F. Supp. 3d 252, 253 (W.D.N.Y. 2015) (detailing the analysis for determining whether to furnish plaintiff with a transcript at no cost).

### Conclusion

Based on the foregoing, plaintiff's motion (Docket # 94) is denied.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 28, 2016
         Rochester, New York