UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERRY HINES, JR.,

        Plaintiff,

    v.

VETERANS OUTREACH CENTER, INC.,

        Defendant.

DECISION & ORDER

10-CV-6493

## Factual Background

In July 2014 this Court presided over a jury trial with respect to plaintiff Jerry Hines, Jr.'s retaliation claims against defendant Veterans Outreach Center under the Americans with Disabilities Act of 1990. The jury found that the defendant had not engaged in unlawful retaliation. See Jury Verdict (Docket # 81). The Clerk of Court entered a notice of judgment in favor of the defendant on July 24, 2014. See Judgment (Docket # 83).

Thereafter, plaintiff filed a Notice of Appeal to the Second Circuit Court of Appeals. See Docket # 82. Plaintiff also filed post-trial motions seeking to set aside the verdict or for a new trial, and for a copy of the trial transcript without cost. See Docket ## 85, 91. The Court denied both motions on March 19, 2015. See Order (Docket # 93). Shortly thereafter, plaintiff filed a "Motion for Ruling on Perjury

Issues." See Docket # 94. The Court denied this motion by Decision and Order dated March 28, 2016. See Docket # 98. Plaintiff then filed three more motions. First, on April 19, 2016 plaintiff filed a Motion for Reconsideration and for Relief from Judgment. See Docket # 99. Next, on April 25, 2016, plaintiff filed a Motion for Correction. See Docket # 100. Finally, on June 20, 2016 plaintiff filed a Motion to Make a Ruling. See Docket # 104. This Decision and Order will resolve all of these pending motions.

## Discussion

1. Docket # 99: This motion is **denied**. Plaintiff again seeks to re-litigate issues that were either decided by the jury or resolved by this Court in previous trial or post-trial motions. There is no basis for the Court to reconsider its prior rulings or the verdict of the jury.

2. Docket # 100: Plaintiff seeks an Order of this Court directing the Clerk to "correct" docket entry # 92. This docket entry describes a motion filed by plaintiff as a motion "to make a ruling on the ethnicity of former counsel." (emphasis added). Plaintiff has represented that his description of the motion was incorrect and what he was referring to was the ethics of defense counsel, specifically the fact that the lawyer who represented him at trial now works for the law firm that represented the

defendant at trial. This Court already addressed plaintiff's argument regarding the ethics of his former counsel and found no impropriety. See Order (Docket # 93) at n. 2. However, recognizing that the substance of plaintiff's motion was addressed to an ethical issue, and seeing no harm to either party should the docket entry be amended to conform to plaintiff's argument, the Court **grants** plaintiff's motion to amend the docket entry at issue. The Clerk of Court shall edit docket entry # 92 to now state: "Motion to make a ruling on the ethics of a former counsel."

3. Docket # 104: Based on the Court's rulings on Docket ## 99, 100 as set forth above, the Court determines that this motion is now **moot**.

## Conclusion

Based on the foregoing, plaintiff's motions are **denied in part and granted in part**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 2, 2017
         Rochester, New York